UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

D'ANDRE L. GOODWIN,           )
                              )
        Petitioner,            )
                              )     CAUSE NO. 3:17-CV-75-PPS-MGG
        v.                     )
                              )
SUPERINTENDENT,                )
                              )
        Respondent.            )

OPINION AND ORDER

D'Andre L. Goodwin, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-04-693) where a Disciplinary Hearing Officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction (IDOC) policy A-113. ECF 2 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. ECF 9-5 at 21.

In Grounds One and Two, Goodwin argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some

factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Goodwin was charged with violating IDOC A-113. IDOC A-113 prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." IDOC Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana law defines trafficking as:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
>
>   (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
>
>   (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
>
>   (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

Ind. Code § 35-44.1-3-5 (West). The Conduct Report charged Goodwin as follows:

> On 3/3/2016, this Investigator discovered that Offender D'Andre Goodwin 128712 was engaging in trafficking with a person who is not an offender residing at the same facility, with the help of a civilian.
>
> **For additional information refer to Report of Investigation**.

ECF 9-1 (emphasis in original). The Report of Investigation states,

> It was discovered that Offender D'Andre Goodwin 128712 used civilian Dandrell Johnson to handle the following financial transactions from another party for Offender (Name withheld in case report):
>
> 10/5/2015 $100.00 Western Union
>
> 11/13/2015 $100.00 Western Union
>
> 12/6/2015 $100.00 Western Union
>
> 12/8/2015 $50.00 Western Union
>
> **For additional information refer to I & I case report # 16-WCC-0031.**

ECF 9-3 at 2 (emphasis in original).

The DHO had sufficient evidence to find Goodwin guilty. Evidence contained in the confidential investigation file establishes that another offender[1] directed his parents to send money to the friends and relatives of 15 other offenders in furtherance of a trafficking scheme. ECF 9-3 at 2-3; ECF 11 at 3-7. Over the course of a one-year period, the inmate's parents sent more than $7,000 to the relatives of other inmates. ECF 11, at 104-105. With respect to Goodwin, investigators discovered that the inmate's parents sent a series of payments to Goodwin's son. ECF 11, at 6; 109, 111, 212. The investigation file contains receipts of the transactions to Goodwin's son. *See* ECF 11 at 212. Moreover, during the time

---

[1]This offender's name will be withheld for purposes of this order. The name of this individual was only identified in the confidential investigation file, which is under seal in order to insure the safety of the persons identified in the file.

these transactions occurred, the offender at the center of the trafficking scheme was discovered in possession of contraband. *See* ECF 11, at 158, 162.

While the evidence in the investigation file does not identify a "smoking gun" directly linking Goodwin to contraband that was brought into, or out of, the prison, there need not be such evidence to support a disciplinary finding. Rather, there must only be "some evidence" - an evidentiary standard that requires a mere "modicum" of evidence. *Webb*, 224 F.3d at 652. The evidence contained in the investigation file meets this standard. While it is possible that there may be other explanations for the suspicious transactions identified in the report, the possibility of alternative explanations is irrelevant. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Moreover, the DHO was permitted to find Goodwin guilty based on circumstantial evidence alone. *See Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (finding prisoner guilty based on circumstantial evidence). The DHO had sufficient evidence to find Goodwin guilty. Thus, Grounds One and Two are not a basis for habeas corpus relief.

Goodwin also argues that he should have been found guilty of the lesser offense of committing an unauthorized financial transaction in violation of IDOC B-220. However, harshness is not a valid basis for challenging a punishment that is within the range of the offense for which the inmate was found guilty. *See United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970). While there may have been evidence to find Goodwin guilty of a lesser charge, the DHO was under no obligation to do so. Here, there was adequate

4

evidence to support the DHO's determination that Goodwin violated A-113, and thus the severity of the charge is not a basis for habeas corpus relief.

Goodwin also argues that he is entitled to habeas corpus relief because he requested all "physical evidence, verbal and documentary," including the Western Union receipts used to link him to the scheme. While prisoners have the right to present documentary evidence in their defense, this right is significantly curtailed by the security and administrative needs of the facility. *Wolff v. McDonnell*, 418 U.S. 539, 566–67 (1974). Prison administrators are granted great deference in determining whether allowing an offender access to evidence would pose an undue risk to the facility. Here, it was not unreasonable for the DHO to deny Goodwin's request to review "all evidence" related to his trafficking charge. The confidential investigation file is rife with the personal information of other offenders and disclosure of this information, including the disclosure of the Western Union receipts, could certainly pose a risk to the individual at the center of the trafficking scheme.

Goodwin also claims that he was never provided with a chain of custody report for the receipts. However, he was not entitled to a chain of custody report. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. In prison disciplinary cases, due process does not require a complete chain of custody. Rather, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb*, 224 F.3d at 653. Here, there is no affirmative indication – or even an

allegation – that a mistake was made with respect to the evidence. Goodwin's right to present evidence in his defense was not impeded in this case. Thus, he is not entitled to habeas corpus relief on the basis of Ground Three.

If Goodwin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

Accordingly, the habeas corpus petition (ECF 2) is **DENIED**. The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: September 15, 2017.     /s Philip P. Simon
                                                                     Judge
                                                                     United States District Court